UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LANCE C. LINDABERRY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ATLANTIC COUNTY JUSTICE<br>FACILITY,<br><br>　　　　Defendant. | Civil Action<br>No. 24-5673 (CPO) (MJS)<br><br>**ORDER** |

**O'HEARN, District Judge.**

Plaintiff, a county pretrial detainee, is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss Plaintiff's § 1983 claim against the Atlantic County Justice Facility for failure to state a claim and decline to exercise supplemental jurisdiction over his potential state law claims.

## I.　BACKGROUND[1]

In this case, Plaintiff names only the Atlantic County Justice Facility as a defendant in this matter. (ECF No. 1, at 3–6.) The Complaint contains few factual allegations. Plaintiff contends that he arrived at the justice facility on June 24, 2023, and could immediately smell cigarette smoke, despite it being a "smoke free facility." (*Id*. at 5–6.) On August 6, 2023, Plaintiff could no longer breathe and was escorted to the medical department, because he contracted pneumonia and had low oxygen levels. (*Id*. at 6.) Since recovering from pneumonia, he has had difficulty catching his breath due to lung damage. (*Id*.)

---

[1] The Court will accept as true the factual allegations in the Complaint for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff filed the instant Complaint in April of 2024, appearing to allege that his conditions of confinement violated his rights under the Fourteenth Amendment. (*Id*. at 4.) In terms of relief, Plaintiff requests monetary compensation and to "figure out a way to stop any and all smoking in the building." (*Id*. at 6.)

## II.  STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff sues "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.  DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, at 2 (selecting § 1983 as the basis for jurisdiction)). To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation. *West v. Atkins*, 487 U.S. 42, 48 (1988).  As the Plaintiff is a pretrial detainee, (ECF No. 1, at 4), the Court construes the Complaint to allege a conditions of confinement claim under the Fourteenth Amendment.

The Court, however, need not address the merits of the claim because Plaintiff only sues the Atlantic County Justice Facility, a county jail, which is not a "person" amendable to suit under § 1983. *E.g.*, *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) (holding that a justice facility was "not a 'person' within the meaning of 42 U.S.C. § 1983"); *Fisher v. Camden Cnty. Corr. Facility*, No. 21-13212, 2022 WL 1602158, at *7 (D.N.J. May 20, 2022) ("[A] county jail is not a 'person' amenable to suit under § 1983."); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4–5 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010) (collecting cases); *see also Mitchell v. Cnty. of Bergen*, No. 23-596, 2024 WL 1526121, at *3 (D.N.J. Apr. 9, 2024) ("[C]ounty jails . . . are not separate entities subject to suit under Section 1983 because they are merely an administrative arm of the . . . local government.").  Accordingly, the Court will dismiss with prejudice Plaintiff's § 1983 claim against the Atlantic County Justice Facility, for failure to state a claim.

Finally, as no federal claims remain in this case, the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss with prejudice Plaintiff's § 1983 claim against the Atlantic County Justice Facility and decline to exercise supplemental jurisdiction over his potential state law claims. If Plaintiff believes he can allege facts entitling him to relief against a proper "person" under § 1983, he may file a proposed amended complaint that cures the deficiency discussed above. An appropriate Order follows.

Dated: October 15, 2024

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**